UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MARTIN, | ) | Case No.: 1:23 CV 496 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| DIRECTOR SMITH, | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendant. | ) | |

*Pro se* Plaintiff Robert Martin filed this action against Ohio Department of Rehabilitation and Correction ("ODRC") Director Annette Chambers-Smith. In the Complaint, Plaintiff alleges he asked Chambers-Smith to transfer him to Vermont or New Hampshire under the Interstate Compact Agreement, Ohio Revised Code § 5120.50 and she declined to do so. He claims that Ohio entered into the Interstate Compact Agreement and accepted federal funds, but never transfers inmates to other states to serve the remainder of their sentences. He claims this is a breach of contract and waste of federal funds. He seeks $700,000.00 in compensatory damages for mental anguish and fear for loss of life, and $ 150,000.00 in punitive damages.

## Background

Plaintiff's Complaint contains very few factual allegations. He alleges that he requested transfer to Vermont or New Hampshire under the Interstate Compact Agreement. He does not specify why he believes a transfer to Vermont or New Hampshire is appropriate. He gives no

indication that he has a sentence to serve from Vermont or New Hampshire, or that charges are pending against him in either of those States. He indicates that over 40 States, including Ohio, have contracted to provide for interstate transfers, but Ohio does not transfer inmates. He asserts this is a misuse of federal funds. The ODRC Bureau of Classification and Reception informed Plaintiff that he does not qualify for transfer. Transfer to an out-of-state facility is utilized only when it is in the best interest of the ODRC, for example when an inmate is determined to constitute a threat to security to the institution or its staff. It is not available at the request of the inmate. Plaintiff disagrees and claims that transfer is a contractual right under Ohio Revised Code § 5120.50. He asserts claims for breach of contract.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual

allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

## Analysis

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994)

(internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff is an Ohio prisoner suing the Ohio Department of Rehabilitation and Correction Director. If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).

Plaintiff's only discernable legal claim is one of breach of contract based on Ohio Revised Code § 5120.50. That statute provides in relevant part:

> Whenever the duly constituted authorities in a state party to this compact...decide that confinement in, or transfer of an inmate to, an

> institution within the territory of another party state is necessary or desirable in order to provide adequate quarters and care, or an appropriate program of rehabilitation or treatment, said officials may direct that the confinement be within an institution within the territory of said other party state, the receiving state to act in that regard solely as agent for the sending state.

Ohio Rev. Code Ann. § 5120.50 (D)(1). As an initial matter, the statute does not convey any right to an inmate to demand transfer to an out-of-state facility. Furthermore, even if Plaintiff had a right under this statute, his claim arises, if at all, under Ohio law, not a federal statute. His reference to the fact that the State accepts federal funds does not elevate this to a federal cause of action. There is no basis for federal court jurisdiction.

Finally, even if Plaintiff had established federal subject matter jurisdiction, he would be barred by the doctrine of *res judicata* from litigating this claim. This is Plaintiff's second attempt to assert a contractual right to a prison transfer to Vermont under Ohio Rev. Code Ann. § 5120.50. He first asserted this claim in the United States District Court for the Southern District of Ohio in 2014. *See Martin v. Ohio Adult Parole Auth*., No. 2:14-CV-0235, 2015 WL 163417, at *1 (S.D. Ohio Jan. 13, 2015). The Southern District of Ohio also held that Plaintiff had no contractual rights to demand transfer under the statute. *Id.* The doctrine of *res judicata* precludes a party receiving a final judgment on the merits of a claim from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have or could have been raised in the previous action. *Id.* Because this claim has already been litigated, Plaintiff is barred from litigating it for a second time.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

May 22, 2023

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.